|  | **MAJOR NON-JURY ASSESSMENT OF DAMAGES HEARING IS REQUIRED** |
|---|---|
| **THE RADMORE FIRM, LLC** <br> **BY:  JAMES R. RADMORE, ESQUIRE** <br> Identification:  36649 <br> Two Penn Center, Suite 520 <br> 1500 J.F.K. Boulevard <br> Philadelphia, PA   19102 <br> (215) 568-9900 <br> jrr@radmore.net; msh@radmore.net | *Filed and Attested by the Office of Judicial Records 07 MAR 2023 04:34 pm I. LOWELL* <br><br> **Attorney for Plaintiff(s)** |

| | | |
|---|---|---|
| **EDWARD CAPALDO AND NATOSHA CAPALDO, INDIVIDUALLY AND AS HUSBAND AND WIFE** | : <br> : <br> : <br> : | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| **vs** | : <br> : | |
| **THE PENNSYLVANIA STATE POLICE OF THE COMMONWEALTH OF PENNSYLVANIA** <br>      **and** <br> **PENNSYLVANIA STATE POLICE OFFICER KYLE YEAGER** <br>      **and** <br> **DOE OFFICER DEFENDANTS 1-10** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **NOVEMBER TERM, 2022** <br><br><br><br><br><br><br><br> **NO.  01580** |

## CIVIL ACTION COMPLAINT

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania  19107
Telephone:  215-238-6333
TTY:  215-451-6197

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO,  VAYA  EN  PERSONA  O  LLAME  POR TELEFONO  A  LA  OFICINA  CUYA  DIRECCION  SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania  19107
Telefono:  215-238-6333
TYY:  215-451-6197

**Case ID: 221101580**

1. Plaintiff, Edward Capaldo and Natosha Capaldo, are adult individuals and husband and wife and reside at 5 Essex Court, Quakertown, PA 18951.

2. Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania is a Commonwealth agency with a location at 3218 Rickert Road, Perkasie, PA 18944.

3. Defendant, Kyle Yeager, is a Pennsylvania State Police Officer with his location at 3218 Rickert Road, Perkasie, PA 18944.

4. Defendant(s), Doe Defendants are individuals and entities who were present at the scene of the incident and/or were responsible for promulgation of regulations and training of officers. The Doe Designations are set forth herein in accordance with the requirements of Pennsylvania Rule of Civil Procedure 2005.

5. On November 16, 2020 at approximately 9:30 AM, plaintiff, Edward Capaldo, was operating his motor vehicle when a Pennsylvania State Police vehicle ordered him to pull his vehicle into the parking lot of McDonalds located at 2 North West End Boulevard, Quakertown, PA.

6. During the course of the stop, Defendant, Yeager, stated he smelled marijuana and further advised plaintiff was operating his vehicle with a suspended license.

7. Plaintiff was not in possession of marijuana.

8. Defendant, Yeager subsequently opened the door and ripped plaintiff from the vehicle, pushed him and slammed him to the ground.

9. Defendant, Yeager, also called for back-up and three additional vehicles arrived at the scene.

10. Plaintiff was then detained and transported to the Barracks for allegedly driving with a suspended license.

11. Plaintiff was forced to sit in the State Police barracks for five hours.

Case ID: 221101580

12. Plaintiff was finger printed and had his mug shot taken.

13. At the end of five hours, plaintiff was released and all charges were dropped.

14. As a direct and proximate result of the acts and conduct of defendants as set forth herein, plaintiff suffered severe and permanent injuries including injury and chronic pain and suffered injuries including numbness in his left arm, injury to his left shoulder, left wrist and severe pain in his neck and lower back all of which caused him and will in the future cause great pain and agony, and has prevented plaintiff and will in the future prevent him from attending to his daily duties to his great financial loss and damage.

15. As a direct and proximate result of the acts and conduct of defendants as set forth herein, the plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

16. As a direct and proximate result of the acts and conduct of defendant as set forth herein, the plaintiff has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

17. As a direct and proximate result of the acts and conduct of defendant as set forth herein, the plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

18. As a direct and proximate result of the acts and conduct of defendant as set forth herein, plaintiff has sustained the loss of liberty and severe emotional distress.

## COUNT I
## PLAINTIFF, EDWARD CAPALDO VS DEFENDANT, KYLE YEAGER
## ASSAULT AND BATTERY

19. Paragraphs 1 through 18 are incorporated herein by reference as though each were fully set forth below.

20. Defendant, Yeager acted individually and as servant, workman and/or employee of The Pennsylvania State Police of the Commonwealth of Pennsylvania.

21. Defendant, Yeager, knowingly, willfully and wantonly intended to cause harmful and offensive conduct to plaintiff .

22. Defendant, Yeager, knowingly, willfully and wantonly, and with the intention of inflicting harmful bodily contact upon plaintiff, caused bodily contact offensive to plaintiff.

23. Defendant, Yeager, knowingly, willfully and wantonly intended to cause contact harmful or offensive to plaintiff and in so doing caused plaintiff to experience apprehension of such harmful or offensive contact.

24. Defendant, Yeager, knowingly, willfully and wantonly assaulted and battered plaintiff without prior provocation and due in no manner whatsoever to any act or failure to act on the part of plaintiff.

25. As a direct and proximate result of defendant. Yeager's unreasonable and unjustifiable conduct, was caused to suffer the injuries described in this Complaint,

**WHEREFORE**, Plaintiff, Edward Capaldo demands compensatory and punitive damages against defendant, Kyle Yeager, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## PLAINTIFF, EDWARD CAPALDO VS DEFENDANTS, KYLE YEAGER AND THE PENNSYLVANIA STATE POLICE OF THE COMMONWEALTH OF PENNSYLVANIA
## FALSE IMPRISONMENT

26. Paragraphs 1 through 25 are incorporated herein by reference as though each were fully set forth below.

27. Defendant, Yeager, placed plaintiff in the police vehicle and plaintiff was held at the Barracks without probable cause or legal justification in violation of the Plaintiff's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

28. Defendant, Yeager acted individually and as servant, workman and/or employee of The Pennsylvania State Police of the Commonwealth of Pennsylvania and within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies, and practices of The Pennsylvania State Police of the Commonwealth of Pennsylvania; intentionally caused the false imprisonment of the plaintiff, without probable cause, without privilege and against the plaintiff's will.

29. Defendants, deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States; in particular, the right to be free from false imprisonment by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

30. Defendant, Yeager acted individually and as servant, workman and/or employee of The Pennsylvania State Police of the Commonwealth of Pennsylvania and within the course and scope of his employment, under the Color of State law, and pursuant to the customs, policies and

practices of the defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, intentionally and maliciously imprisoned, humiliated, and insulted plaintiff and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

31.     The conduct of defendant, through its agents, servants and employees acting within the course and scope of their employment in causing the Plaintiff to be assaulted and falsely imprisoned on the aforementioned occasion was the proximate cause of Plaintiff's damages, including the injuries and damages as set forth in paragraphs 14 through 18 which are incorporated herein by reference.

32.     The conduct of defendant, was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Edward Capaldo, demands compensatory and punitive damages against defendants, Kyle Yeager and The Pennsylvania State Police of the Commonwealth of Pennsylvania , in an amount in excess of Fifty Thousand ($ 50,000.00) Dollars.

**COUNT III**
**PLAINTIFF, EDWARD CAPALDO VS DEFENDANT,**
**THE PENNSYLVANIA STATE POLICE**
**OF THE COMMONWEALTH OF PENNSYLVANIA**
<u>**FAILURE TO TRAIN AND SUPERVISE**</u>

33.     Paragraphs 1 through 32 are incorporated herein by reference as though each were fully set forth below.

Case ID: 221101580

34. Plaintiff believes and therefore avers that defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy of assaulting and falsely imprisoning innocent people, which policy is in violation of the constitution and in violation of 42 U.S.C. § 1983.

35. Plaintiff believes and therefore avers that defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, has adopted and maintained for many years, a recognized and accepted policy, custom and practice of systematically failing to properly train, supervise and discipline police officers, including those involved herein, regarding constitutional restraints on the police power to assault and falsely imprison individuals without probable cause and/or legal justification which policy violates the Fourth, and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

36. Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, has been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania to be free from assault and false imprisonment, which deliberate indifference violates the plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. §1983.

37. Plaintiff believes and therefore avers, that at the time of plaintiff's incidents, defendant, knew or should have known of the above described policy of defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, and that they deliberately, knowingly, and/or

intentionally failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of The Pennsylvania State Police of the Commonwealth of Pennsylvania.

38. Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice including but not limited to, inter alia:

a. Failure to prevent assault and false imprisonment upon persons by Commonwealth of Pennsylvania State Police Officers;

b. Failure to properly supervise and/or control its State Police officers;

c. Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force, false arrests, false imprisonments and malicious prosecution;

d. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of The Pennsylvania State Police of the Commonwealth of Pennsylvania;

e. Failure to prevent plaintiff from being injured by its officers where defendants knew or had reason to know of the conduct of said police officers and detectives;

f. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

g. Failure to have a policy to preserve records and video recordings;

h. Otherwise acting without due regard for the rights, safety and position of the plaintiff

herein, in accordance with the laws of the Commonwealth of Pennsylvania.

39. Plaintiff believes and therefore avers that defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, has a custom or policy or practice of failing to properly investigate matters in which police officers assault and/or falsely imprison individuals without probable cause including intentionally refusing to provide the records and video recordings which of incidents which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for the allowance of assaults and/or false imprisonments by members of the Commonwealth of Pennsylvania State Police without fear of punishment.

40. Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, has been aware of the aforesaid described policies, customs and practices for a substantial period of time and despite knowledge of the illegal policies and practices including intentionally refusing to provide the records and video recordings which of incidents as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised State Police officers, who engaged in said practices have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and practices described to the deliberate indifference of the constitutional rights of the citizens of the Commonwealth of Pennsylvania

41. By failing to take action to stop or limit the policies and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, defendant, The Pennsylvania State Police of the Commonwealth of

Pennsylvania, condoned, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and is in violation of 42 U.S.C. §1983.

42. The conduct of defendant, through its agents, servants and employees acting within the course and scope of their employment in causing plaintiff to be assaulted falsely imprisoned on the aforementioned occasion was the proximate cause of Plaintiff's damages, including the injuries and damages as set forth in paragraphs 14 through 18 which are incorporated herein by reference.

43. The conduct of defendant, through its agents, servants and employees acting within the course and scope of their employment was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Edward Capaldo, demands compensatory and punitive damages against defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania , in an amount in excess of Fifty Thousand ($ 50,000.00) Dollars.

**COUNT IV**
**PLAINTIFF, EDWARD CAPALDO VS DEFENDANT,**
**THE PENNSYLVANIA STATE POLICE**
**OF THE COMMONWEALTH OF PENNSYLVANIA**
**VICARIOUS LIABILITY**

44. Plaintiff incorporates paragraphs 1 through 43 by reference as fully as though same were herein set forth at length

45. Defendant, Yeager, as well as other State Police officers and support staff to be determined during discovery, were the agents of defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania.

Case ID: 221101580

46. At all times relevant hereto, defendant, Yeager, as well as other State Police officers and support staff to be determined during discovery, were acting in the scope of their employment as agents, servants, or employees of defendants, The Pennsylvania State Police of the Commonwealth of Pennsylvania, and their acts as set forth herein caused the injuries and damages suffered by plaintiff.

47. Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania is vicariously liable for the acts, commissions, or omissions of defendant, Yeager, and other State Police officers and support staff to be determined during discovery as fully as though the aforementioned physicians performed the acts or omissions themselves.

48. As a result of the negligence of defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, as hereinbefore set forth plaintiff suffered the injuries and damages as set forth in paragraphs 14 through 18 which are incorporated herein by reference.

49. The conduct of defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, was outrageous, willful and/or reckless disregard of plaintiff's interests; thus providing for an award of punitive damages.

**WHEREFORE**, plaintiff, Edward Capaldo, demands compensatory and punitive damages against defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania , in an amount in excess of Fifty Thousand ($ 50,000.00) Dollars.

### COUNT V
### PLAINTIFF, EDWARD CAPALDO VS DEFENDANTS, KYLE YEAGER AND THE PENNSYLVANIA STATE POLICE OF THE COMMONWEALTH OF PENNSYLVANIA
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983

50. Plaintiff incorporates paragraphs 1 through 49 by reference as fully as though same were herein set forth at length

Case ID: 221101580

51. At all relevant times, Defendants were subject to suit pursuant to 42 U.S.C. § 1983.

52. Defendants' constitutional torts are not governed or limited in any way by 42 Pa. C.S. § 8541, et seq. or 42 Pa. C.S. § 8521, et seq.

53. At all relevant times, Defendants acted under color of state law.

54. At all relevant times, Defendants knew that plaintiff's rights to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

55. Defendants violated plaintiff's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

56. At all relevant times, defendants had a duty to take steps to assure the rights of plaintiff were protected.

57. At all relevant times, defendants were aware, or should have been aware, that a substantial risk of harm to plaintiff existed.

58. The aforementioned conduct of defendants, acting under color of state law, was reckless and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of plaintiff and was committed in conscious and willful disregard of the substantial and/or unjustifiable risk of causing harm to plaintiff and was so egregious as to shock the conscience.

59. As a result of their actions, Defendants, acting under "color of law" created a danger to plaintiff's person without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

60. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or

by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

Case ID: 221101580

61. The aforesaid conduct of defendants, acting under color of state law, created a danger which resulted in the aforementioned severe physical and emotional harm.

62. At all relevant times, defendants had a policy or practice which created an unreasonable risk of harm and/or injury and were aware said unreasonable risk was created.

63. Defendant, Yeager, had specific knowledge of the within conduct and policy and practice and took no steps to prevent said actions.

64. Defendants knew, or should have known that the within actions would directly infringe upon plaintiff's civil rights and cause constitutional harm to plaintiff.

65. The severe physical and emotional harm caused to plaintiff was foreseeable and direct to defendants, as well as the result of defendants' aforesaid policy or practice.

66. The aforementioned conduct of defendants, acting under the color of state law, created an opportunity for danger and injury which otherwise would not have existed.

67. The aforementioned conduct of defendants, acting under color of state law, constituted an affirmative act to restrain plaintiff's freedom and thus triggered a special relationship with plaintiff under which defendants assumed a duty to ensure his safety and well-being.

68. The aforementioned conduct of defendants, acting under color of state law, constituted a breach of defendants' duty and was in deliberate indifference to the danger and substantial risk facing plaintiff so as to shock the conscience.

69. The conduct of all defendants as set forth above was the moving force behind the violation of and/or caused the violation of plaintiff's civil rights as set forth above.

70. The conduct of defendant, through its agents, servants and employees acting within the course and scope of their employment in causing the Plaintiff to be assaulted and falsely imprisoned on the aforementioned occasion thereby violating plaintiff's constitutional rights subject

defendants to suit pursuant to 42 U.S.C. § 1983 and was the proximate cause of Plaintiff's damages, including the injuries and damages as set forth in paragraphs 14 through 18 which are incorporated herein by reference.

71. The conduct of defendants, was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Edward Capaldo, demands compensatory and punitive damages against defendants, Kyle Yeager and The Pennsylvania State Police of the Commonwealth of Pennsylvania , in an amount in excess of Fifty Thousand ($ 50,000.00) Dollars.

## COUNT VI
### PLAINTIFF, EDWARD CAPALDO VS DEFENDANTS, KYLE YEAGER AND THE PENNSYLVANIA STATE POLICE OF THE COMMONWEALTH OF PENNSYLVANIA
### STATE CONSTITUTIONAL CLAIM  ARTICLE 1 § 8

72. Paragraphs 1 through 71 are incorporated herein by reference as though each were fully set forth below.

73. Defendant improperly assaulted and caused plaintiff to be falsely imprisoned without probable cause or legal justification, in violation of the Plaintiff's right to be free from unreasonable seizures under Article 1, § 8 of the Pennsylvania Constitution.

74. Defendant, Yeager acted individually and as servant, workman and/or employee of The Pennsylvania State Police of the Commonwealth of Pennsylvania and within the course and scope of his employment, under the Color of State law, and pursuant to the customs, policies and practices of the defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania; in particular, the right to be free from assault and false

imprisonment by an officer; which violated the plaintiff's rights under Article 1, § 8 of the Pennsylvania Constitution.

75. Defendant, Yeager acted individually and as servant, workman and/or employee of The Pennsylvania State Police of the Commonwealth of Pennsylvania and within the course and scope of his employment, under the Color of State law, and pursuant to the customs, policies and practices of the defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania, intentionally assaulted and imprisoned, humiliated, and insulted, plaintiff and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under Article 1, § 8 of the Pennsylvania Constitution.

76. The conduct of defendants, through its agents, servants and employees acting within the course and scope of their employment in causing the Plaintiff to be falsely imprisoned on the aforementioned occasion was the proximate cause of Plaintiff's damages, including the injuries and damages as set forth in paragraphs 12 through 16 which are incorporated herein by reference.

77. The conduct of defendant, through its agents, servants and employees acting within the course and scope of their employment in causing the Plaintiff to be assaulted and falsely imprisoned on the aforementioned occasion was the proximate cause of Plaintiff's damages, including the injuries and damages as set forth in paragraphs 14 through 18 which are incorporated herein by reference.

78. The conduct of defendant, was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Edward Capaldo, demands compensatory and punitive damages against defendants, Kyle Yeager and The Pennsylvania State Police of the Commonwealth of

Pennsylvania , in an amount in excess of Fifty Thousand  ($ 50,000.00) Dollars.

## COUNT VII
## PLAINTIFF VS DOE DESIGNEE(S) 1-10

79. Paragraphs 1 through 78 are incorporated herein by reference as though fully set forth.

80. The Doe Defendants, 1. 2 and 3, are the fictitious names for the individual or individuals who were present at the scene of the incident herein and/or were responsible for promulgation of regulations and training of officers.

81. The presently unidentified Doe Defendants took part in the assault of plaintiff and the subsequent false imprisonment and/or promulgated regulations and were responsible for training and violated plaintiff's rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

82. The actual names of the individual or individuals are unknown to plaintiff after having conducted a reasonable search with due diligence including the continued intentional refusal of defendants to provide the records and video recordings covering the events described herein.

83. The Doe designation is fictitious until such time as other State Police officers and support staff are identified.

84. At such time as the identities of these fictitiously pleaded Defendants are ascertained, Plaintiff shall seek leave to amend this Complaint so as to substitute the actual identities of said individuals or firms. Plaintiff attributes each and every intentional act, violation of statute and constitutional rights and damages alleged, against the named Defendants hereto to those who are fictitiously pleaded as if they were more specifically set forth in their entirety.

WHEREFORE, Plaintiff, Edward Capaldo demands damages from Doe Defendant(s) in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
## NATOSHA CAPALDO VS ALL DEFENDANTS
## LOSS OF CONSORTIUM

84. Paragraphs 1 through 83 are incorporated herein by reference as though fully set forth.

85. At all times material hereto, Natosha Capaldo, plaintiff, was and is the wife of plaintiff, Edward Capaldo, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness and consortium of Edward Capaldo, plaintiff.

86. As a direct and proximate result of the aforementioned incident and the injuries sustained by Edward Capaldo, plaintiff, Natosha Capaldo, has been deprived of the services, companionship, support, assistance, society, comfort, happiness and consortium of Edward Capaldo, her husband, and such deprivation and impairment will and/or may continue into the future, all to her great detriment and loss.

87. As a direct and proximate result of the aforementioned incident and the injuries sustained by Edward Capaldo, plaintiff, Natosha Capaldo, has been and/or may be compelled to expend monies for medical aide, and/or medical treatment or modalities or medicine for her husband.

88. As a direct and proximate result of the aforementioned incident and the injuries sustained by Edward Capaldo, plaintiff, Natosha Capaldo, has suffered and/or continues to suffer from the plaintiff-husband's loss of earnings and/or earning capacity and/or may in the future suffer from his loss of earnings and/or earning capacity.

WHEREFORE, plaintiff, Natosha Capaldo, demands damages of all defendants herein in a sum in excess of Fifty-Thousand ($50,000) Dollars.

                                                       THE RADMORE FIRM, LLC


                               BY:    \s\James R. Radmore
                                         JAMES R. RADMORE, ESQUIRE
                                         Attorney for Plaintiffs

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE

Case ID: 221101580

THE RADMORE FIRM, LLC
BY:  JAMES R. RADMORE, ESQUIRE
Identification:  36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA   19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net                    Attorney for Plaintiff(s)

---

| | | |
|---|---|---|
| **EDWARD CAPALDO AND** | : | **COURT OF COMMON PLEAS** |
| **NATOSHA CAPALDO, INDIVIDUALLY AND** | : | **PHILADELPHIA COUNTY** |
| **AS HUSBAND AND WIFE** | : | |
| | : | |
| **vs** | : | |
| | : | |
| **THE PENNSYLVANIA STATE POLICE** | : | **NOVEMBER TERM, 2022** |
| **OF THE COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | |
| **and** | : | |
| **PENNSYLVANIA STATE POLICE OFFICER** | : | |
| **KYLE YEAGER** | : | |
| **and** | : | |
| **DOE OFFICER DEFENDANTS 1-10** | : | **NO.  01580** |

## CERTIFICATE OF SERVICE

I JAMES R. RADMORE, ESQUIRE hereby certify that a copy of Plaintiff's Complaint was filed electronically on March 7, 2023 and is now available for viewing and downloading from the Court's Electronic Case Filing System by Kathryn B. Daczka, Esquire attorney for the defendants.

THE RADMORE FIRM, LLC

BY:   \s\James R. Radmore
        JAMES R. RADMORE, ESQUIRE
        Attorney for Plaintiff

Case ID: 221101580