**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                          :
EDWARD CAPALDO *and* NATOSHA            :
CAPALDO, INDIVIDUALLY AND                   :
AS HUSBAND AND WIFE                              :           CIVIL ACTION
                                                          :
     vs.                                                    :           No. 23-1287
                                                          :
THE PENNSYLVANIA STATE POLICE OF       :
THE COMMONWEALTH OF                          :
PENNSYLVANIA, et. al.                                  :
                                                          :
_____

**ORDER**

     AND NOW, this _____ day of _____, 2023, upon consideration of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint, it is ORDERED and DECREED that the Motion is GRANTED. All claims against the Pennsylvania State Police are hereby DISMISSED.  All claims against Defendant, Trooper Yeager, other than the claim against him in Count III, in his individual capacity, are dismissed.

BY THE COURT:


_____
Wolson, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| EDWARD CAPALDO *and* NATOSHA | : | |
| CAPALDO, INDIVIDUALLY AND | : | |
| AS HUSBAND AND WIFE | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 23-1287 |
| | : | |
| THE PENNSYLVANIA STATE POLICE OF | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, et. al. | : | |
| | : | |

_____

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendants Kyle Yeager ("Trooper Yeager") and the Pennsylvania State Police ("State Police") (collectively "Defendants"), by counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6) for the reasons contained in the attached Memorandum of Law, hereby move to dismiss all claims contained in the Amended Complaint (ECF No. 8) against the Pennsylvania State Police, and all claims against Trooper Yeager, except as to Count III, so far as it purports to state a claim against Trooper Yeager in his individual capacity only.

Dated: June 2, 2023                    Respectfully submitted,

                                       MICHELLE A. HENRY
                                       Attorney General

COMMONWEALTH OF PENNSYLVANIA           BY: /s/ Sarina Kaplan_____
OFFICE OF ATTORNEY GENERAL             SARINA KAPLAN (Pa. No. 209738)
The Phoenix Building                   Deputy Attorney General
1600 Arch St., 3rd Floor
Philadelphia, PA 19103
Telephone:  (267) 768-3964             KAREN M. ROMANO
Fax:  (717) 772-4526                   Chief Deputy Attorney General
skaplan@attorneygeneral.gov            Civil Litigation Section

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on this day, I caused a true and correct copy of the foregoing Partial Motion to Dismiss to be served on all counsel of record via the Court's ECF system.


Dated: June 2, 2023                                      /s/ Sarina Kaplan
                                                        Sarina Kaplan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| | : | |
| EDWARD CAPALDO *and* NATOSHA | : | |
| CAPALDO, INDIVIDUALLY AND | : | |
| AS HUSBAND AND WIFE | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 23-1287 |
| | : | |
| THE PENNSYLVANIA STATE POLICE OF | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, et. al. | : | |
| | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' PARTIAL MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Kyle Yeager ("Trooper Yeager") and the Pennsylvania State Police ("State Police") (collectively "Defendants"), by counsel, respectfully submit this memorandum of law in support of their Partial Motion to Dismiss Plaintiff's Amended Complaint.

**I.      STATEMENT OF FACTS**

On November 16, 2020, Trooper Yeager, while on duty with the Pennsylvania State Police, pulled Plaintiff, Edward Capaldo, over on 2 North West End Boulevard. Amd. Compl. ¶ 7. According to the Amended Complaint, Trooper Yeager told Plaintiff that he smelled marijuana and then "opened the door and ripped plaintiff from the vehicle, pushed him and slammed him to the ground." Amd. Compl. ¶7. Plaintiff was subsequently arrested and transported to the State Police barracks for driving with a suspended license. Amd. Compl. ¶133. Plaintiff was ultimately released, same day, and charges were dropped. Amd. Compl. ¶16.

Plaintiff Edward Capaldo brings two claims, and Plaintiff, wife, Natosha Capaldo, brings one claim against Trooper Yeager. Plaintiff Edward Capaldo brings four claims, and Plaintiff, wife, Natosha Capaldo, brings one claim against the State Police. Count I alleges failure to train

1

and supervise against State Police; Count II alleges vicarious liability against State Police for the

alleged negligence of Trooper Yeager; Count III alleges a violation of Plaintiffs' constitutional

rights under the Fourth, Fifth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983

("Section 1983") against Trooper Yeager and State Police; Count IV alleges a violation of the

State Constitution, in violation of Article I, Section 8 against Trooper Yeager and State Police;

Count V alleges a loss of consortium claim against Trooper Yeager and State Police.

Defendants now seek to dismiss all claims against the State Police; Counts IV and V

against Trooper Yeager; and Count III against Trooper Yeager in his official capacity.

## II.    SUMMARY OF ARGUMENT

Plaintiff brings claim for excessive force under the Fourth Amendment against Trooper

Yeager. But as discovery will show, Trooper Yeager did not use excessive force in his encounter

with Plaintiff, instead only using force reasonable under the circumstances. At this stage before

discovery begins, however, a number of claims in the Amended Complaint[1] should be dismissed

because they are inconsistent with black-letter law and sovereign immunity.

*First*, as a matter of statutory law, neither the State Police nor Trooper Yeager in his

official capacity is a "person" under Section 1983, and thus the statute does not recognize any

cause of action against them. For this reason, Count III should be dismissed as to State Police

and dismissed to the extent that it purports to state a claim against Trooper Yeager in his official

capacity.

*Second*, sovereign immunity bars the common law claims against State Police, as an

agency of the Commonwealth. Pennsylvania has not waived sovereign immunity for claims of

---

[1] Commonwealth Defendants have previously submitted a letter to the Court supporting the instant Motion to Dismiss, and a telephone conference was held on May 15, 2023, in which all counsel agreed upon the terms laid out in the letter; however, Plaintiff's Amended Complaint, ECF 8, does not comport with those discussions.

failure to train and failure to supervise, and there are no exceptions for these negligence claims alleged against State Police.  With no state law claims remaining against the State, and no state law claims alleged against Trooper Yeager, Plaintiffs' loss of consortium, a derivative claim, should also be dismissed.   As a matter of Pennsylvania law, Counts I, II, IV and V should be dismissed.

*Third*, Pennsylvania does not recognize a cause of action for damages arising out of alleged violations of the Pennsylvania Constitution. Count VI should be dismissed.

## III.   ARGUMENT

### A.   Standard of Review

A defendant may move to dismiss a complaint under Rule 12(b)(1) where the district court lacks subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12 (b)(1). The assertion of immunity under the Eleventh Amendment challenges the court's subject matter jurisdiction, and thus is properly raised under Rule 12(b)(1). *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). In a facial challenge to subject-matter jurisdiction, in which the defendant attacks the sufficiency of a complaint, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A defendant may also move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need only contain a "short and plain statement" of the facts, *see* Fed. R. Civ. P. 8(a), it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* Although courts "must take all of the factual allegations in the complaint as true," they "are not

bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also George v. Rehiel*, 738 F.3d 562, 583-84 (3d Cir. 2013). The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Assessing a complaint's sufficiency is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

On a motion to dismiss, a court may consider "the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). This includes a "document ***integral to or explicitly relied*** upon in the complaint," which may be considered without converting a motion to dismiss into summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (emphasis in original).

### B.   Neither Pennsylvania State Police, Nor Trooper Yeager In His Official Capacity, Is a "Person" For Purposes of Section 1983

Section 1983 provides a cause of action against any "person" who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). To state a Section 1983 claim, a plaintiff must show that a person acted under color of state law and that this person violated the plaintiff's federal constitutional or statutory rights. *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

However, "neither a State nor its officials acting in their official capacities are 'persons' under Section 1983." *Will*, 491 U.S. at 71. Although agencies of ***local*** governments may be sued

4

under Section 1983 under some circumstances, those exceptions do not apply to **state** agencies. *See id.* at 70 ("[I]t does not follow that if municipalities are persons then so are States."). Because the State Police is a state agency, neither the State Police, nor Trooper Yeager in his official capacity, is a "person" for purposes of Section 1983. Thus any claim against them should be dismissed for failure to state a claim under Section 1983.

### C.    Counts I and II Are Barred by Sovereign Immunity

Sovereign immunity bars claims that are asserted against the Commonwealth, its agencies, and Commonwealth employees acting within the scope of their office or employment. See 1 Pa. C.S. § 2310. There are ten exceptions to Pennsylvania's sovereign immunity statute: 1) vehicle liability; 2) medical-professional liability; 3) care, custody, or control of personal property; 4) Commonwealth real estate, highways and sidewalks; 5) potholes and other dangerous conditions; 6) care, custody or control of animals; 7) liquor store sales; 8) National Guard activities; and 9) toxoids and vaccines; 10) sexual abuse. 42 Pa. C.S. § 8522. "The limited exceptions to sovereign immunity must be narrowly and strictly construed because the General Assembly intended to exempt the Commonwealth from immunity only in specific situations." *Armenti v. Pa. State Sys. of Higher Educ.*, 100 A.3d 772, 777 (Pa. Cmwlth. 2014).  Despite the fact that Defendants removed this action to the federal court, this does not affect the State's ability to raise sovereign immunity when it is involuntarily brought into federal court.  *Lombardo v. Pennsylvania Dept. of Welfare*, 540 F.3d 190, 198 (3d Cir. 2008).

Plaintiffs expressly aver that, "*Defendant, The Pennsylvania State Police of the Commonwealth of Pennsylvania is a **Commonwealth agency**. See* Amd Compl. ¶ 2 (emphasis added). Thus, under the clear language of the Amended Complaint, there is no dispute that State Police is entitled to sovereign immunity.

Plaintiffs' claims of negligence against State Police, contained in Counts I and II, do not fall within one of the enumerated exceptions to sovereign immunity for certain negligence claims. *See* 42 Pa. C.S. § 8522. Where, as here, Plaintiffs have conceded that State Police is an agency of the Commonwealth; and where Plaintiffs' allegations of negligence do not fall within one of the enumerated exceptions contained in 1 Pa. C.S. § 2310, Counts I and II should be dismissed against State Police.

D.     **Count V Loss of Consortium Barred As Derivative**

Plaintiff, Natosha Capaldo's loss of consortium claim is a "purely derivative" cause of action. *Grossman v. Morning Star*, 2:20-CV-01801-CCW, 2022 WL 2906364, *11 (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 n.3 (3d Cir. 2007)). As such, Plaintiffs' Count V should be dismissed without any state law claims of action remaining against Defendant, State Police, and no state law claims alleged against Trooper Yeager.  Further, "[t]here is no derivative claim under §1983 for loss of consortium." *Id.* (citing *Garcia v. Cty. of Bucks*, 155 F. Supp. 2d 259, 264 n.5 (E.D. Pa. 2001)).

E.     **Count IV Is Barred As The Pennsylvania Constitution Does Not Provide a Cause of Action for Money Damages**

Like the United States Constitution, the Pennsylvania Constitution protects individuals from "unreasonable searches and seizures." Pa. Const. Art. I, § 8. However, there is no statutory parallel to Section 1983 under Pennsylvania law, and thus there is no statutory cause of action which permits individuals to sue Pennsylvania state actors for damages for violations of the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Cmwlth. 2006) (*en banc*)); *see also Balletta v. Spadoni*, 47 A.3d 183, 192-93 (Pa. Cmwlth. 2012) (reaffirming and expanding *Jones* to bar a claim under Article 1, Section 1). Federal courts within the Third Circuit have uniformly applied *Jones* and held that there is no private cause of

6

action for damages under Article I, Section 8. *See Cole v. Encapera*, No. 15-cv-104, 2016 WL 1461909, at *4 & n.5 (W.D. Pa. April 14, 2016) (collecting cases).

Here, Count IV of Plaintiffs' Amended Complaint purports to state a claim for punitive and compensatory damages under Article I, Sections 8 of the Pennsylvania Constitution. *See* Count IV, last paragraph. However, with no private right of action for such a claim, Count IV of Plaintiffs' Amended Complaint should be dismissed.

## IV.   CONCLUSION

Wherefore, this Court should dismiss all claims against the Pennsylvania State Police and all claims, other than Count III against Trooper Yeager, in his individual capacity only.

Dated: June 2, 2023                          Respectfully submitted,

                                             MICHELLE A. HENRY
                                             Attorney General

COMMONWEALTH OF PENNSYLVANIA          BY: /s/ Sarina Kaplan
OFFICE OF ATTORNEY GENERAL            SARINA KAPLAN (Pa. No. 209738)
The Phoenix Building                  Deputy Attorney General
1600 Arch St., 3rd Floor
Philadelphia, PA 19103                KAREN M. ROMANO
Telephone:  (267) 768-3964            Chief Deputy Attorney General
Fax:  (717) 772-4526                  Civil Litigation Section
skaplan@attorneygeneral.gov