IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD CAPALDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE POLICE, et al.,<br><br>Defendants. | Case No. 2:23-cv-01287-JDW |

### ORDER

AND NOW, this 5th day of July, upon consideration of Defendants' Motion To Dismiss Plaintiff's Amended Complaint (ECF No. 9), I note as follows.

1. A District Court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* First, the court must identify the elements needed to set forth a particular claim. *See id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth.

*See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

**Section 1983 Claims**

2. To have a cause of action under § 1983, "a plaintiff must show that the defendants, acting under color of [state] law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). Defendants in a § 1983 suit cannot be the State or its officials acting in their official capacities because "[n]either . . . are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies and their officials are not "persons" under § 1983. *Est. of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 854 (3d Cir. 2014).

3. Mr. Capaldo asserts claims against the Pennsylvania State Police, which he alleges is "a Commonwealth agency." (ECF No. 8 at ¶ 2.) As a Commonwealth Agency, the State Police is not a "person" under Section 1983, so Mr. Capaldo cannot pursue claims against it. For the same reason, Mr. Capaldo cannot assert claims against Trooper Yeager in his official capacity because those claims are really just claims against the State Police. under § 1983.

4. The Capaldos' argument that Defendants waived Eleventh Immunity does not save these claims because it misses the point. Even if Defendants have waived their immunity from suit, they have not altered the scope of Section 1983 just by removing the case to this Court. Mr. Capaldo does not address this issue, nor would he have a meritorious argument in any event. Therefore, I will dismiss the claims in Counts I and II in their entirety and Count III to the extent they assert official capacity claims. (Count II is a claim for vicarious liability under Section 1983, but it has been the law for 45 years that no such claim exists. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 692-93 (1978).

**State Law Claims**

5. The Commonwealth of Pennsylvania and its officials and employees acting within the scope of their duties enjoy sovereign immunity, unless the Pennsylvania General Assembly makes an explicit waiver. *See* 1 PA. STAT. AND CONS. STAT. ANN. § 2310 (West 1998). The General Assembly has enumerated ten exceptions to Pennsylvania's sovereign immunity statute, but none of them applies here. *See* 42 PA. STAT. AND CONS. STAT. ANN. § 8522 (West 2019).

6. To the extent that Mr. Capaldo asserts state law claims in Count II of the Complaint (and it's not clear if he does), those claims appear to arise from a theory of negligence. The General Assembly has not waived sovereign immunity for negligence, so the claims cannot proceed.

7.      The Capaldos' efforts to save these claims are wrong, irrelevant, or both. First, Congress cannot abridge a state's sovereign immunity for state law claims. The Pennsylvania General Assembly, not Congress, defines the scope of sovereign immunity with respect to suits under Pennsylvania law. *See Lombardo v. Pennsylvania Dep't of Welfare*, 540 F.3d 190, 195 (3d Cir. 2008). Second, voluntary removal to federal court does not waive the sovereign immunity defense provided by state law. *See id.* at 198.

8.      Mr. Capaldo concedes that he cannot maintain claims under the Pennsylvania Constitution, and he's right, so I will dismiss those claims. (ECF No. 10 at 7.)

9.      Finally, Mrs. Capaldo's loss of consortium claim fails because it is derivative of Mr. Capaldo's state law claims, and those claims fail. *See Shuker v. Smith & Nephew*, 885 F.3d 760, 777 (3d Cir. 2018) ("Loss of consortium . . . is a claim 'derivative' of a spouse's separate claim of injury.").

Therefore, it is **ORDERED** that Defendants' Motion To Dismiss Plaintiff's Amended Complaint (ECF No. 9) is **GRANTED**. Counts I, II, IV, and V are **DISMISSED WITH PREJUDICE** in their entirety. Count III is **DISMISSED WITH PREJUDICE** to the extent it asserts claims against Trooper Yeager or any John Doe Defendant in his or her official capacity.

**SO ORDERED**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge